Nott, J.
delivered the opinion of the Court.
If this motion could at any stage of the proceedings have been entitled to consideration, it came too late. The party byA appearing and pleading to the action had waived the objection, and admitted himself regularly in Court. A defendant is not to be permitted, after availing himself of all the delay, and driving the plaintiff to all the expense incident to the usual course of legal proceedings, to turn him round on a mere technical objection that does not affect the merits of the case. I think thpre has been a case in this Court where it was held, that where the writ was without seal the party had lost the benefit of the objection, by not availing himself of it at an early stage of the cause. But if the objection had been made at an earlier period, I think it ought not to have been sustained. The impression made by a seal in the ordinary hurried course of business is frequently very slight, never indelible, and always liable to be effaced by time and accident. Its genuineness is more usually determined by the manner of its authentication, than by the characteristic and distinguishing emblems left upon its face. It must always be so in the case of a foreign seal; we can only judge of it by the faith and credit due to the at *106 testation of the keeper; and the same credit is due to our own officers. The duty of the clerk of the Court is to affix the seal of the Court to every judicial process. That duty he is sworn to perform. He has by his attestation declared that the seal affixed to this process is the seal of the Court; the judge below was therefore authorized to conclude that it was so. The acquiescence of the party was a tacit acknowledgment of the fact. If it was intended to allege fraud, forgery, or any matter in pais, the party by plea should have tendered an issue to the Jury. The evidence then offered might have been admitted, but it ought not to have been received by the Court. This motion, therefore, must be refused.
Charleston,
May, 1817.
Yancey for the motion.
Gadsden, contra.